UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID BERGUIRISTAIN,

                        Plaintiff,

v.                                                Case No.  5:05-cv-277-Oc-GRJ

COTTON STATES MUTUAL INSURANCE
COMPANY,

                        Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Dismiss Defendant's Fifth

Affirmative Defense and Counter-Claim. (Doc. 10.)   Defendant has filed a response in

opposition (Doc. 12) and, therefore, the matter is ripe for review.  For the reasons

discussed below, Plaintiff's motion is due to be **DENIED**.

## I. BACKGROUND

Plaintiff, David Beguiristain, initiated this action by filing a Complaint in the Circuit

Court in and for Citrus County, Florida.  Defendant, Cotton States Mutual Insurance

Company, then removed to this Court on the basis of diversity jurisdiction. (Docs. 1 &

2.)  Plaintiff alleges that Defendant, Cotton States Mutual Insurance Company ("Cotton

States") breached its contract with Plaintiff by failing to pay benefits to which Plaintiff is

purportedly entitled under a homeowners insurance policy (hereinafter "policy") (Doc. 2,

¶¶ 8-13).[1]  Plaintiff alleges that on or about February 18, 2004, he discovered that a

sinkhole had caused substantial damage to his home.  (Doc. 2, ¶5).  Plaintiff contends

_____

[1] A copy of the Policy is attached as Exhibit A to the Complaint (Doc. 2).

that although this damage is covered under the policy, Defendant has refused to pay benefits.   (Doc. 2, ¶¶8-13).   Defendant filed an Answer raising five affirmative defenses and asserting a Counter-Claim against Plaintiff for declaratory relief. (Doc. 3).   The Fifth Affirmative Defense and Counter-Claim are at issue in the instant motion.

The basic theory underlying Defendant's Fifth Affirmative Defense and Counter-Claim is that Plaintiff knew about the sinkhole damage in July 2003, but intentionally concealed or misrepresented this information so that he could increase his coverage limits and then make a claim for the sinkhole damage after the limits were substantially increased.   Defendant alleges that in September 2003, upon Plaintiff's request, it increased Plaintiff's policy limits from $92,200 to $193,000.   (Doc. 3, ¶31).   Then, in February 2004, Plaintiff filed a claim with Defendant for sinkhole damage to his home. (Doc. 3, ¶32).   In August 2004, Plaintiff filed a proof of loss seeking payment of $212,300.   (Doc. 3, ¶33).   On May 3, 2005, Defendant paid Plaintiff $49,056.34 for the cosmetic damage to his home and the necessary subsurface work to stabilize the sinkhole loss. (Doc. 3, ¶34).[2]

Defendant asserts in its Fifth Affirmative Defense that Plaintiff is barred from payments under the policy because he violated the policy's concealment or fraud provisions, thus rendering the policy void.[3]   Defendant further asserts that Plaintiff is

---

[2]A copy of the letter explaining Defendant's decision as to Plaintiff's claim and forwarding the $49,056.34 payment is attached as Exhibit A to Defendant's Answer, Affirmative Defenses and Counter-Claim (Doc. 3).

[3] This provision states:

**CONCEALMENT OR FRAUD.**   The entire policy will be void if, whether before or after a loss, an insured has:

(continued...)

not entitled to any premium reimbursement because it already has paid Plaintiff monies under the policy which exceed any premium that would be due to be reimbursed.

In its Counter-Claim, Defendant seeks a declaration from the Court that: (1) Defendant has no liability under the policy; (2) that the limits of liability for the policy which apply to Plaintiff's sinkhole loss are the limits of liability which were in effect on or before July 2003; (3) that the policy is void because Plaintiff violated the policy's concealment or fraud clause; and (4) that Plaintiff was not entitled to, and therefore must return the $49,056.34 payment, less any amount of premium which must be reimbursed to Plaintiff because the policy was voided.

## II. STANDARD OF REVIEW

In determining the propriety of granting a motion to dismiss, a court must accept all the factual allegations in the complaint as true and evaluate the inferences derived from the facts in the light most favorable to the plaintiff.[4]   In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[5]  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[3](...continued)
a.       Intentionally concealed or misrepresented any material fact or circumstance;
b.       engaged in fraudulent conduct; or
c.       made false statements;

relating to this insurance.

[4] *See e.g.*, Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[5] Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

entitle him to relief."[6]   The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.[7]

## III. DISCUSSION

Plaintiff argues that Defendant's Fifth Affirmative Defense and Counter-Claim should be dismissed on the basis of waiver.  Simply stated, Plaintiff contends that Defendant has waived the right to claim a policy defense because it paid Plaintiff $49,056.34 under the policy without ever attempting to reserve its rights or place Plaintiff on notice that it might raise a policy defense.

The Court cannot say at this early stage in the litigation, that as a matter of law, Defendant has waived its right to assert a policy defense.   Waiver requires a fact-specific inquiry.  The following elements must be shown: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right.[8]  While Plaintiff ultimately may be able to prove that Defendant waived its policy defense, this should be determined after the parties have developed the evidence in this case.

Moreover, Plaintiff acknowledges that he has not cited any case in which issues of waiver were resolved on a motion to dismiss.  Rather, the issues of waiver were

---

[6] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957).  *See also* Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)("a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim").

[7] *See* Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985)(citation omitted).

[8] Wimberg v. Chandler, 986 F.Supp. 1447, 1455 (M.D. Fla. 1997)(*quoting* Leonardo v. State Farm Fire and Cas. Co., 675 So. 2d 176, 178 (Fla. App. Ct. 1996).

taken up after the evidence was developed in the case -- i.e. on a motion for summary judgment or at the conclusion of a bench trial.[9]   Accordingly, Plaintiff's Motion to Dismiss Defendant's Fifth Affirmative Defense and Counter-Claim (Doc. 10) is due to be **DENIED**.  Plaintiff shall serve an Answer to Defendant's Counter-Claim within **twenty (20) days** of this Order.

      **IT IS SO ORDERED.**

      **DONE AND ORDERED** in Ocala, Florida, on August 16, 2005.

            **GARY R. JONES**
            **United States Magistrate Judge**

Copies to:
      All Counsel

---

[9] *See* Wimberg, 986 F.Supp. 1447 (M.D. Fla. 1997)(finding waiver after bench trial); Johnson v. Life Insur. Co. of Georgia, 52 So.2d 813 (Fla. 1951)(finding waiver on a motion for summary judgment). Plaintiff also cites Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co., 208 F.Supp. 2d 1310 (S.D. Fla. 2002) to support his position that it is appropriate for the Court to resolve the waiver issue at this early stage in the litigation.  However, in Excess Risk Underwriters, Inc., the Court dismissed several counts of the Complaint, not on the basis of waiver, but because they were barred by the economic loss rule.